**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAUL G. RAYFORD,

    Defendant - Appellant.

No. 21-3002
(D.C. Nos. 2:20-CV-02313-JWL &
2:09-CR-20143-JWL-2)
(D. Kan.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **BACHARACH**, **MURPHY,** and **CARSON**, Circuit Judges.

Defendant-Appellant Paul G. Rayford pleaded guilty to attempted bank

robbery, in violation of 18 U.S.C. § 2113(a), and carrying and using a firearm

during and in relation to the attempted bank robbery, in violation of 18 U.S.C.

§ 924(c). After the Supreme Court decided *United States v. Davis*, 139 S. Ct.

2319 (2019), Rayford obtained permission from this court to file a successive

motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his

sentence. Rayford's § 2255 motion challenged only his § 924(c) conviction.[1] The

---

[1]In his appellate brief and application for COA, Rayford raises additional
issues not presented to the district court in his § 2255 motion. Accordingly, those
issues are waived and this court will not address them. *See Owens v. Trammell*,

(continued...)

district court denied the motion and declined to issue a certificate of appealability ("COA"). Rayford is before this court seeking a COA so he can appeal the district court's disposition of his motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255 motion unless he first obtains a COA).

In *Davis*, the Supreme Court addressed the constitutionality of 18 U.S.C. § 924(c), which authorizes heightened criminal penalties for using, carrying, or possessing a firearm in connection with any federal "crime of violence." The Court held that § 924(c)(3)(B), known as the residual clause, is unconstitutionally vague and cannot support a conviction under § 924(c)(1)(A). *Davis*, 139 S. Ct. at 2336. The Court's ruling, however, did not affect § 924(c)(3)(A), known as the elements clause. Accordingly, after *Davis*, Rayford's § 924(c) conviction can only be upheld if the predicate offense of attempted bank robbery has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

The district court denied Rayford's § 2255 motion, beginning its analysis by noting this court has held that § 2113(a) federal bank robbery meets the definition of crime of violence. *United States v. Melgar-Cabrera*, 892 F.3d 1053. 1064-65 (10th Cir. 2018) (holding that Hobbs Act robbery is categorically a crime

---

[1](...continued)
792 F.3d 1234, 1246 (10th Cir. 2015).

of violence under the elements clause of § 924(c)(3)(A)); *see also United States v. Toki*, 822 F. App'x 848, 853 (10th Cir. 2020) (unpublished disposition cited only for persuasive value) (holding that given our "binding precedent in *Melgar-Cabrera*, the constitutionality of . . . § 924(c) convictions predicated on Hobbs Act robbery is not reasonably debatable"). This court has also ruled that "when a completed crime has as an element the actual use of physical force, it stands to reason that any attempt to commit that completed crime necessarily has as an element the attempted use of such physical force—thus satisfying the elements clause." *United States v. Neely*, 763 F. App'x 770, 780 (10th Cir. 2019) (unpublished disposition cited only for persuasive value). In light of these Tenth Circuit rulings, the district court concluded Rayford was not entitled to relief under § 2255 because his conviction for attempted bank robbery remained a viable § 924(c) predicate offense. Accordingly, the district court denied Rayford's § 2255 motion and did not grant a COA.

This court cannot grant Rayford a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Rayford has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to his claim.

*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Rayford is not required to demonstrate his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Rayford's appellate brief, the district court's comprehensive order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Rayford is not entitled to a COA. The district court's resolution of Rayford's claim is not reasonably subject to debate and the claim is not adequate to deserve further proceedings. Accordingly, Rayford has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This court **denies** his request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge